Okey, O. J.
Where a servant sustains injury by the negligence of his master, the master is liable in an action by the servant for damages. A breach of duty by the master is not one of the risks which one assumes on entering upon the employment of another. This breach of duty may consist in employing other servants who are incompetent, in providing unsafe machinery and structures, in failing to notify the servant of peculiar dangers known to himself but not to the servant, or in needlessly placing the servant in a place of danger.
As corporations act only through agents, it sometimes becomes important to determine what persons stand in such relation to it as that their negligence shall be deemed the negli *553 gence of the corporation, or, as sometimes expressed, who is to be regarded as merely a servant of the corporation, and who is in legal effect master. Upon this subject the cases are by no means in harmony (Pierce on Rail. ed. of 1881, 367; 2 Thompson on Neg. ch. 20; 11 Reporter, 42, 207, 591; 21 Am. L. Reg. 76), but it is unnecessary to enter upon any extended examination of them. No doubt can be entertained that one standing in the relation to the company sustained by Barrett, being the superintendent of the company, and clothed with power, at his own discretion, to make and suspend rules to regulate the running of all the trains on the road, is to be regarded, in a case of this sort, as in legal effect the master. And where one so in legal effect master, makes special order with respect to the management of a particular train, which is, under the circumstances, unreasonable, and by the execution of such order, a servant of the corporation, himself without fault, is injured, it will be no answer to the action of the injured party against the corporation to say, that the immediate cause. of the injury was the negligence of a fellow-servant of such injured party in the execution of the unreasonable order. Chicago, &c. R. Co. v. McLallen, 84 Ill. 109 ; Chicago, &c. R. Co. v. Moranda, 93 Ill. 302; Hough v. Railway Co., 100 U. S. 213; Fuller v. Jewett, 80 N. Y. 46; Smith v. Oxford Iron Co., 42 N. J. L. 467; Ohio & M. R. Co. v. Collarn, 73 Ind. 261; Patterson v. Pittsburgh, &c. R. Co., 76 Pa. St. 389; Cumberland, &c. R. Co. v. State, 44 Md. 283 ; Ford v. Fitchburg, &c. R. Co., 110 Mass. 240; Berea Stone Co. v. Kraft, 31 Ohio St. 287; Lake Shore, &c. R. Co. v. Lavalley, 36 Ohio St. 221.
Whether a rule of a railroad company is or is not a reasonable rule, is in many cases a question of law; but in this case it cannot be affirmed as matter of law that the special order made by superintendent Barrett was reasonable. On the contrary, whether such order was reasonable or unreasonable was a question of mixed law and fact proper for the determination of the jury, in view of the circumstances under which the order was to be executed, and upon proper instructions as to the law. The jury found that the order was unreasonable, *554 under the circumstances, and we are not prepared to say that the finding was wrong.
Objection is made that the court permitted the petition to be amended after the evidence was closed, and also permitted the jury, after the verdict was announced, to retire for the purpose of correcting it. Rut these matters rested in the discretion of the court, which seems to have been exercised in furtherance of justice. And as to the request to charge and the charge given to the jury, the exception was general and not specific, and, looking to the whole record, we cannot say the action of the court was so prejudicial to the company, in any respect, as to afford ground of reversal.

Judgment affirmed.