O’Gorman, J.
—This is an action to recover damages for injuries claimed to have been inflicted on plaintiff by reason of the negligence, incompetence and unskillfulness of the defendants, in failing to properly place, fasten and guard a derrick used by defendants in raising an iron column to-the fourth floor of a building in process of erection at the corner of Franklin street and Broadway, on October 25,1881. The defense is, that the accident was either unavoidable, or, if the result of negligence, that it was the negligence of a co-servant of the plaintiff, and which is one of the ordinary risks which plaintiff assumed. The accident occurred between seven and eight in the morning. The derrick was on the fourth floor. Marsh was the defendants’ foreman. He had the power to employ and dismiss workmen for the defendants, and the constructing and rigging of the derrick was under the charge and direction of Marsh. The defendants were in the habit of going to the building every morning between nine and ten o’clock—sometimes eleven o’clock—and remaining there ten or fifteen minutes, sometimes less. Marsh directed the rigging of the derrick that morning, and the manner in which the work was done was left to Marsh, and plaintiff had nothing to do with the rigging of it. There was no roof to the building, and it had been wet the day before, and had rained during the night. The derrick was not rigged that morning, but had been rigged some days before. It was standing there ready *288 rigged. The effect of rain on ropes is to cause them at first to shrink, and then, when weight is put upon them, to stretch. From the fact of its having rained before, these guy ropes would stretch considerably ; and of this fact the foreman was aware. The plaintiff and other workmen were set to work at the windlass of the derrick by the foreman in order to raise an iron column weighing about 3,000 pounds ; and they had raised it about four feet clear from the sidewalk when the feet of the derrick kicked back at its base; it slipped off the skids or planks on which it rested, then it broke the plank on which plaintiff stood, and he was thrown from the fourth to the second floor, his legs broken, and he received severe injuries. Marsh, the foreman, had been on the floor where the derrick was, to see if all was right. As soon as he noticed that it was perpendicular, and before it was raised from the sidewalk, he ceased to look at it, and went down stairs. After the hoisting of the column had begun, the foreman sent plaintiff on a message, which occupied him about five minutes. When he returned, the foreman put plaintiff again to work at the handle of the derrick. The derrick rested on two planks called skids. The skids rested on timbers, which timbers rested on iron beams. The skids were not braced or tied' to the timbers, and the derrick retained its position by guys and its own weight.
An expert in the use of derricks and in putting up iron house fronts, examined on the part of the plaintiff, gave it as his opinion that the slipping of the derrick off the skids was caused by the fact that the legs were not hitched and the derrick was leaning too much; that it should have been lashed to the iron beams, or whatever there was to lash it to ; that after a rainy day, in order to avoid accidents arising from stretching of ropes at night, it is usual to test the ropes by raising the column off the ground, watching it to see what the rope gives, and then straightening the derrick up again.
The manner in which the derrick was rigged, and the way in which the column was hoisted, was not the proper *289 course to have pursued under the circumstances. In fact, the derrick was not lashed to the iron beams, and the foreman, having charge of the rigging of the derrick did not test the ropes by raising the column a few feet from the ground, and then readjusting the ropes, but ceased to watch it before it had been raised from the sidewalk. The end of the column was on the walk when he left.
The defendants moved to dismiss the complaint, on the ground that the plaintiif had failed to prove his cause of action, because no negligence on the part of the defendants had been proved, and because the negligence, if any, was the negligence of a co-servant. The motion was granted by the court, and the question now is, whether the case should not have been sent to the jury.
As far as the safe construction of the derrick was concerned, the foreman, Marsh, did not occupy towards the defendant the position of foreman. The duty of providing for the workmen a safe derrick, as far as reasonable care and precaution could affect that result, and also the duty of maintaining the derrick in a safe condition, rested on the defendants ; and the person to whom, in their absence, they delegated that duty was, ‘■‘pro hac vice,” the agent and representative of the defendants, and for his negligence, iff any, therein, the defendants were liable (Fuller v. Jewett, 80 N. Y. 53; Crispin v. Babbit, 81 Ib. 516).
The principles of the law on this subject have been, stated with great clearness and precision by the learned Chief Judge of this court, in the case of Green v. Banta,, decided at general term in June, 1882 (48 Super. Ct. 156).
The question in the case at bar is, whether the defendants having, for all that appears, supplied for their servants a safe derrick, were bound also to see that it was safely rigged, and to take reasonable precautions lest the changes-of the weather, by tightening or stretching the ropes, should affect its position or rigging, so as to make it insecure and. liable to injure the servants. - It may well be argued that a derrick, such as was used in this case, in order to be am efficient machine for any purpose, requires to be attached. *290 and fixed firmly and steadily to its base ; and that the fixing: of it from time to time, or, as it is called, “rigging if,” is a necessary element in the integrity and safety of the machinery, and as essential to its being a working machine as is the due strength of the iron or wood of which the derrick is composed; and until so fixed or rigged it is not in fact a machine for any of its ordinary purposes. The rigging of the derrick in this case was under the special charge of the defendant’s foreman, who directed and had charge of that d.uty. It was the duty of the plaintiff and the other men to work the windlass and put the machine in motion, and hoist weights by means of the derrick. With the rigging of it, or with defects or dangers therein, they had no concern, unless to obey the orders of the foreman. That was no part of their business, any more than it would have been to attend to and take precautions against any defect in any other part of the construction of the machine.
There seems to be no material difference between a defect or unsafety of the derrick, arising from the slackening of the ropes, and .from the weakening of the windlass or any other part of the iron work. The result of a defect in either case, as far as safety to the employees was concerned, would have been the same.
The machine .furnished to the plaintiff for use on the morning in question, and on which he was directed to work, was the derrick as then fixed or rigged, and including, as a necessary part thereof, the ropes as braced to the beams, all together making one machine. Plaintiff was justified in depending on the foreman’s seeing that the rigging of the machine was proper and safe, so that no danger need be apprehended from any neglect in that respect. Where the master places the entire charge of his business in the hands of an agent, the neglect of, the agent in failing to supply and to maintain suitable instrumentalities for the work is a- breach of duty for which the master is liable. These were master’s duties (Crispin v. Babbit, 81 N. Y. 521, et seq.). If there were any negligence *291 on the part of Marsh, the foreman, as to the rigging of the derrick on the morning in question, arising from the stretching of the ropes caused by the rain of the previous day and night, and that negligence caused the injury to the plaintiff, the defendants were liable therefor. And whether the foraman was or was not negligent therein was, in my judgmerit, a question of fact for the jury.
The question whether the plaintiffs own negligence contributed to the accident, as a proximate cause of it does not seem to have been relied on by the learned counsel for the defendants, or to have been dwelt on by the court in dismissing the complaint. It was open to argument, from the evidence, that plaintiff himself, having been for many years in the business óf hoisting heavy weights by the aid of derricks, should have known the necessity of shifting the ropes so as to make allowance for stretching of them caused by rain, and that his own negligence contributed to the accident. But that also was a question for the jury.
The judgment should be reversed, with costs to abide the event, and a new trial ordered.
Ingraham, J.
—There are two well defined exceptions to the rule that the master is not responsible to one servant for an injury occasioned by the negligence of a co-servant .of the common employer. First. Where the servant whose negligence caused the injury was an unfit and incompetent person to be intrusted with the duty to which he was assigned, and the accident resulted from his incompetenoy or unfitness. Second. Where the accident resulted from unsafe and imperfect machinery and appliances furnished for the use of the servant in the master’s business (Murphy v. B. & A. R. R. Co., 88 N. Y. 150).
The master’s liability, if sustained in this case, must be upon the second exception above noticed.
It was the duty of the defendants to furnish the plaintiff with safe and proper machinery and appliances for the business for which he was employed ; and if there was any negligence on his part, or on the part of any person intrusted *292 . by him with the business of employing servants ánd providing safe machinery and appliances, he was liable.
Marsh was the foreman on the work. He employed the plaintiff originally on another piece of work ; and when that was finished, plaintiff continued in the employ of defendants. Marsh engaged other men who worked there. He testified-; “I had charge of the work.” “I had charge of constructing the derricks,” and had filled’that position for about nine years. “ The manner in which the work was done was left to me.” “ I directed the original rigging of the derrick in question.” “ I also directed the rigging of derrick on" the morning in question.” “ I set them to work that morning.” He further testified that he looked to see if it was all right, and then gave the word to commence.
I think it must be conceded that there was sufficient evidence to sustain a finding that Marsh was not a fellow-workman, but was a person placed by defendants in charge of the building, and that for his negligence his employer was responsible.
The next question is, was the proper rigging of the derrick a duty which the master owes to his servants %
Marsh, the foreman, swears, that he had charge of construction of the derrick ; directed the original rigging of the derrick ; and also directed the rigging on the morning in question, before the men commenced work on it, and he looked to see that it was all right, and then gave the word to commence. That he then took plaintiff off the handle and sent him to find some tools ; then called him back, and put him (plaintiff) on. the handle. Plaintiff testified that he commenced working that day by direction of Marsh, the foreman, and that he had nothing to do with rigging the derrick that day.
In Green v. Banta (48 Super. Ct. 156) the general term of this court held, that it was the duty of the defendants to furnish a workman, a properly built scaffolding ;. and, to perform that duty he employed a foreman, that any negligence of the foreman in putting together the scaffold would Lbe negligence of the defendant and not of a fellow-workman. *293 I cannot see the distinction between that case and the case at bar. If it was the duty of the employer in Green v. Banta to furnish a properly built scaffold, it must have been the duty of the defendant to furnish a properly rigged derrick ; and a foreman having been employed to properly rig the derrick (as he himself testified he was), his negligence in so doing would be negligence of the defendants (Fuller v. Jewett, 80 N. Y. 53).
There is evidence tending to show that the accident was caused by the improper'and negligent rigging of the derrick, and I think there was sufficient to justify the submission of the questions to the jury.
The case of Crispin v. Babbitt (81 N. Y. 521), relied on by the respondent, is direct authority for the liability of the defendants for the acts of the foreman under the circumstances in this case. The court says, on page 521: “ However low the' grade or rank of the employee, the master is liable for injuries caused by him to another servant if they result from the omission of some duty of the master which he has confided to such inferior employee.” In this case Marsh swears that it was his duty to rig the derrick ; that he attempted to perform that duty on the morning in question ; and there is evidence tending to show that in consequence of a negligent performance of that duty the plaintiff was injured.
For these reasons I concur with Judge O’ Gorman that the judgment should be reversed, and a new trial ordered, with costs to abide the event.