ANDREW PROBST, Respondent, *v.* ADDISON H. DELAMATER, Appellant.

Upon a question as to whether a master was in fault for an injury to his servant, caused by the breaking away and falling of heavy materials which were being hoisted by machinery, evidence that the engineer having charge of the machinery at the time was intoxicated is proper; it tends legitimately to prove his incompetency to perform his duties.

A refusal of the court to charge in a civil action that defendant is entitled to any doubt which the jury may have is not error.

*It seems,* that the duty of a master to furnish safe, suitable and sound tools, machinery and appliances for the use of his servant in the performance of his work and to keep them in repair is not an absolute one; it is satisfied by the exercise of reasonable care and prudence on the part of the master, such as a prudent man would take for the protection of his own person. The master is not liable, therefore, for injuries resulting from a defect which could not be discovered by careful inspection or the application of appropriate tests.

Where, however, in an action to recover damages for injuries to an employe of defendant, caused by the breaking of a cable which was being used in connection with a derrick for hoisting a heavy weight, the court charged that "it was the duty of the defendant to furnish a safe and secure rope or cable at the commencement of the work," and if the jury found that the cable in question was not a safe and secure one, in the first instance defendant was guilty of negligence. *Held,* that, while the

rule as stated was broader than was justified, yet as there was no evidence of any care on the part of defendant in selecting the cable, and as the attention of the court was not called to the proper qualification of the rule, it was not error to omit allusion to it in the charge.

(Argued October 16, 1885; decided October 30, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 4, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries sustained by plaintiff alleged to have been caused by defendant's negligence.

Defendant was engaged in constructing a sewer in the city of Buffalo, and used a steel cable in connection with a derrick and steam engine to hoist the earth and rock from the excavation. A box filled with these materials fell in consequence of the breaking of the cable, and plaintiff, a laborer in defendant's employ, was seriously injured.

The further material facts are stated in the opinion.

*Edmund J. Plumley* for appellant. The proper way to prove the unfitness of the engineer was by showing his general reputation. (*Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 36; *Chapman* v. *Erie Ry. Co.*, 55 id. 579.) The defendant was in no way liable unless he had been negligent in his selection of the engineer, or in retaining him in his service with notice of his incompetence or unfitness. He did not warrant his fitness to his other servants. (Shearm. & Redf. on Neg. [3d ed.], § 86; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Malone* v. *Hathaway*, 64 id. 810, *Ross* v. *N. Y. C. & H. R. R. R. Co.*, 74 id. 617; *Besel* v. *Same*, 70 id. 171; *Crispin* v. *Babbitt*, 81 id. 520; *Perry* v. *Lansing*, 17 Hun, 44; *Gibson* v. *N. Y. C. R. R. Co.*, 22 id. 289.) The negligence of the engineer was not the negligence of the defendant, but of a co-servant of the plaintiff for which defendant was not liable. (*Sammon*

v. *N. Y. & H. R. R. Co.*, 62 N. Y. 251; *Crispen* v. *Babbitt*, 81 id. 516; *Slater* v. *Jewett*, 85 id. 63; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 481; *Brick* v. *R. N. Y. & P. R. R. Co.*, 21 N. Y. Weekly Dig. 14; *Turner* v. *Chateaugay Ore Co.*, id. 40.) The burden of proof as to defendant's "knowledge, or culpability in lacking knowledge" of the character of the engineer rested upon the plaintiff. (Shearm. & Redf. on Neg., § 99; *Lamb* v. *C. & A. R. R. Co.*, 46 N. Y. 279; *Chapman* v. *Erie Ry. Co.*, 55 id. 585; *Rose* v. *B. & A. R. R. Co.*, 58 id. 217; *Claflin* v. *Meyer*, 75 id. 260; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 566; *Henry* v. *S. I. R. R. Co.*, 81 id. 373.) Defendant was bound to exercise only ordinary care in the selection and furnishing of such machinery and apparatus, and in keeping it in proper and safe condition. (*Leonard* v. *Collins*, 70 N. Y. 90.) There was no implied warranty in the contract of service that the machinery and apparatus were sound or fit for the purpose, or that the plaintiff should not be exposed to extraordinary risks. (Shearm. & Redf. on Neg., § 87; *Warner* v. *Erie Ry. Co.*, 39 N. Y. 468; *De Graffe* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 125; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 22 Hun, 284; *Painton* v. *N. Y. C. R. R. Co.*, 83 N. Y. 12; *Slater* v. *Jewett*, 85 id. 61; *Devlin* v. *Smith*, 89 id. 470; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 566; *Turner* v. *Chateaugay Ore Co.*, 21 N. Y. Weekly Dig. 40.) It was for the plaintiff to prove that proper tests had not been applied, the law presuming that ordinary care had been exercised. (Wood's Mast. & Serv., § 419; *Rose* v. *B. & A. R. R. Co.*, 58 N. Y. 222; *De Graffe* v. *N. Y. C. & H. R. R. R. Co.*, 76 id. 131; *Henry* v. *S. I. R. R. Co.*, 81 id. 373; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 567; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 366; *Hayes* v. *42d St. R. R. Co.*, 97 id. 259.) To carry a case to a jury the evidence, on the part of the plaintiff, must be such as, if believed, would authorize them to find that the injury was occasioned solely by the negligence of the defendant. (*Johnson* v. *H. R. R. Co.*, 20 N. Y. 65; *Wilds* v. *Same*, 24 id. 430; *Reynolds* v. *N. Y. C. & H. R.*

*R. R. Co.*, 58 id. 248; *Sammon* v. *N. Y. & H. R. R. Co.*, 62 id. 251; *Leonard* v. *Collins*, 70 id. 90; *Hale* v. *Smith*, 78 id. 480; *Hart* v. *H. R. R. Co.*, 84 id. 56; *Riceman* v. *Havemeyer*, id. 647; *Owen* v. *N. Y. C. R. R. Co.*, 47 id. 670; *Gibson* v. *Erie Ry. Co.*, 63 id. 449; *Brick* v. *R. N. Y. & P. R. R. Co.*, 21 Weekly Dig. 14.) If it could be claimed that defendant's superintendent was, in any way, negligent, still the defendant should not be held liable, for his negligence would have been the negligence of a co-employe. (*Sammon* v. *N. Y. & H. R. R. Co.*, 62 N. Y. 251; *Crispin* v. *Babbitt*, 81 id. 516; *Slater* v. *Jewett*, 85 id. 63; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Turner* v. *C. Ore Co.*, 21 N. Y. Weekly Dig. 40.) The plaintiff was bound to show by a preponderance of proof that he was not guilty of contributory negligence. (*Hale* v. *Smith*, 78 N. Y. 480; *Hart* v. *Hudson R. B. Co.*, 84 id. 62; *Riceman* v. *Havemeyer*, id. 647; *Leonard* v. *Collins*, 70 id. 90; *Brick* v. *R. N. Y. & P. R. R. Co.*, 21 N. Y. Weekly Dig. 14.) The defendant was not bound absolutely and at all hazards to furnish, in the first instance, a safe and secure cable, a cable in all respects without flaw or defect of any kind. He was only called upon to exercise ordinary care in that behalf. (Shearm. & Redf. on Neg., §§ 87, 92; Wood's Mast. & Serv., § 428; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 566; *Ross* v. *N. Y. C. & H. R. R. R. Co.*, 74 id. 617; *Jones* v. *Same*, 22 Hun, 284; *Warner* v. *Erie Ry. Co.*, 39 N. Y. 471; *Leonard* v. *Collins*, 70 id. 94; *Fuller* v. *Jewett*, 80 id. 53; *Painton* v. *N. Y. C. R. R. Co.*, 83 id. 7; *Slater* v. *Jewett*, 85 id. 61.) It was not true that a mere breaking of the cable cast upon the defendant the burden of proving that he had exercised proper care. (Wood's Mast. & Serv., § 419; *Dudley* v. *N. Y., L. E. & W. R. R. Co.*, 20 N. Y. Weekly Dig. 118.) If the jury entertained any doubt upon the question of whether plaintiff's injuries resulted solely from defendant's negligence and without any fault on the part of the plaintiff, defendant was entitled to the benefit of the doubt. (*Hale* v. *Smith*, 78 N. Y. 483, 484.)

*Wm. L. Jones* for respondent. The question, what condition the engineer was in the morning of the accident was proper; it was one step to show that they employed and kept drunken and incompetent hands to run the engine as alleged in the complaint. (*Fishkill S. I.* v. *Bank*, 80 N. Y. 168; *Kennedy* v. *Green*, 3 M. & K. 699.) The defendant or his superintendent having hired or kept as an engineer a man after he had fallen into the habit of being intoxicated, the defendant must be held to have assumed any risk that might arise on his account. (80 N. Y. 168; *Cleghorn* v. *N. Y. C. & H. R. R. R. Co.*, 56 id. 44.) Plaintiff had a right to rely upon what was said and upon the greater knowledge and judgment of the foreman. (*Bradley* v. *N. Y. C. R. R. Co.*, 62 N. Y. 99.) The defendant is chargeable with any negligence of the superintendent; he having withdrawn from the control and superintendence of the work and surrendered the construction of the sewer to a superintendent, he stands in the defendant's place and is liable for the superintendent's negligence. (*Lanning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Malone* v. *Hathaway*, 64 id. 5; *Rounds* v. *L. & W. R. R. Co.*, id. 129; *Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 id. 170; *McMahon* v. *P. H. I. O. Co.*, 24 Hun, 48; *Stevenson* v. *Jewett*, 8 Weekly Dig. 4; Moak's Underhill on Torts, 30.) The evidence shows the plaintiff was careful and no ways negligent. (*Bateman* v. *Ruth*, 3 Daly, 378; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 69 N. Y. 464; *Hayes* v. *Miller*, 17 id. 112.) The facts were sufficient to go to the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Hayes* v. *Miller*, 17 id. 112; *Chapman* v. *Erie Ry. Co.*, 55 id. 586; *Brickner* v. *N. Y. C. R. R. Co.*, 2 Lans. 506; 1 Addison on Torts, 23; *Scott* v. *L. D. Co.*, 34 L. J. Exch. 17; *Byrne* v. *Boade*, 33 L. J. [N. S.] Exch. 13; *Briggs* v. *Oliver*, 35 L. J. Exch. 163; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534.) It was the duty of the defendant to furnish its employes for use in the prosecution of its business good and suitable machinery and keep it in repair. (*Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206; *Power* v. *N. Y., L. E. & W. R. R. Co.*, 32 Hun, 415; *Ryan* v. *Fow-*

*ler*, 24 N. Y. 414; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Chapman* v. *Erie Ry. Co.*, 55 id. 585; *Malone* v. *Hathaway*, 2 N. Y. Sup. Ct. [T. & C.] 664; *Brickner* v. *N. Y. C. R. R. Co.*, 2 Lans. 517; *Flike* v. *B. & A. R. R. Co.*, 55 N. Y. 549; *Kain* v. *Smith*, 80 id. 458.) It was incumbent upon plaintiff to satisfy the jury, by a preponderance of proof, that the injury had been occasioned by the negligence of defendant and that he himself was free from fault. (*Hale* v. *Smith*, 78 N. Y. 483; 1 Greenl. on Ev., § 2.)

RUGER, Ch. J.   We are of the opinion that no exception appears in the case requiring the reversal of the judgment. The question as to the contributory negligence of the plaintiff was one of fact, and was properly submitted to the jury upon conflicting evidence.   The charge of negligence against the defendant was predicated upon two specifications, viz.: the first importing that the injury to plaintiff was occasioned by the use of old and defective appliances, in the prosecution of the work in which he was employed, and the other charging the defendant with knowingly employing improper, drunken and incompetent assistants, to aid in such work.   Some evidence was given in support of both of these specifications (*Miller* v. *N. Y. C. & H. R. R. R. Co.*, 99 N. Y. 657.)

An exception was taken to the admission of evidence tending to show that the engineer in charge of the hoisting apparatus on the morning in question, was intoxicated.   The objection taken was stated to be that the evidence was immaterial and did not tend to show that he was an unsafe engineer.   It is quite certain that the intoxication of a person having charge of machinery used in hoisting heavy materials, liable from their great weight to break away and fall, is quite material upon an issue as to who was in fault for an injury occurring from such a fall, and tended legitimately to prove the incompetency of such engineer to perform the duties with which he was charged. Whether the proof was sufficient to establish the allegation, or required additional evidence to charge the defendant with knowledge of the fact, was quite a different question, and was

not raised by the objection. The exception, therefore, was not well taken.

It may also be said that no motion was made to strike out this evidence, neither was any request made to the court to charge in reference thereto. It seemed to be assumed by all parties that the evidence of incompetency from drunkenness was insufficient, to support the charge of negligence, and the case was not put to the jury on that ground.

An exception was also taken to the refusal of the court to charge that the defendant was entitled to any doubt which the jury may have. This exception, within the rule laid down in *Seybolt* v. *N. Y., L. E. & W. R. R. Co.* (95 N. Y. 570), was not well taken.

The only remaining exception requiring notice is that taken to the charge, stating " that it was the duty of the defendant to furnish a safe and secure rope or cable at the commencement of the work; that if they find this cable was not a safe and secure cable in the first instance the defendant was guilty of negligence." The rule as stated was undoubtedly broader than the authorities would justify, and if the attention of the court had been called to the point, and it had then refused to charge the proper qualifications of the rule, it would have been error. Although the duty in question has been stated in several cases in this court, substantially in the language used in this case, it has generally occurred in defining the duty of the master as distinguished from that which may be delegated to a subordinate, and because the circumstances of the particular case did not call for the application of the limitations to the rule. (*Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Kain* v. *Smith*, 80 id. 458; *Cone* v. *Del., L. & W. R. R. Co.*, 81 id. 206; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 552.) The duty of the master to furnish safe, suitable and sound tools, machinery and appliances for the use of the servant in the performance of the work of the master, and to keep them in repair, is not an absolute one, and is satisfied by the exercise of reasonable care and prudence on the part of the master in the manufacture, selection and repair of such

appliances. (*Fuller* v. *Jewett*, 80 N. Y. 46 ; *Painton* v. *North-ern Cent. R. Co.*, 83 id. 7 ; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, *supra* ; *Burke* v. *Witherbee*, 98 N. Y. 562.)

This is a duty which cannot be delegated to a servant so as to excuse the master from damages occurring through an omission to perform it, yet when the master has exercised all of the care and caution, which a prudent man would take for the safety and protection of his own person, the law does not hold him liable for the consequences of a defect which could not be discovered by careful inspection or the application of appropriate tests to determine its existence. The attention of the court below was not in any way called to this question, and as the evidence did not show the exercise of any care on the part of the master in selecting the appliances used, it was not error for the court to omit allusion to it in the charge.

The judgment should be affirmed.

All concur.

Judgment affirmed.