Pratt, J.
This case brings up for review only questions of law, as the appeal is from the judgment only.
The defendants claim that upon the plaintiff’s case a non-suit should have been granted, upon the ground that the case did not show an absence of contributory negligence in the deceased. The circumstances surrounding the accident were minutely detailed and were such that the jury might well find that there was a preponderance of evidence against any negligence 011 the part of the deceased. The darkness *79 and storm that prevailed on that night rendered it difficult for the deceased to see far ahead of his engine. The orders and rules under which he was running, the fact that he had no control of the speed of the train, were all material circumstances calculated to aid the jury upon this issue. The order to deceased to run his train “regardlesss of all eastbound trains ” might well have caused him to relax somewhat his vigilance in watching for trains coming in the opposite direction, and in keeping his engine under absolute control. He was bound to obey the order of the train dispatcher, and, so far as appears, he did so.
The claim that there was a breach of rule Ho. 10, upon the part of some of the engineers of this train does not aid the defendants, as it appeared that the deceased was not responsible for the speed of the train and had no control of the air brakes. His duty was to look out, and if he saw danger ahead, to give the signal and reverse his engine; that he did. In any view of the case it was a proper question to be submitted to a jury.
The defendants complain that they were not allowed to show by expert testimony what was the meaning of the holding order, viz.: “Do not pass Canajoharie without further orders.” This was immaterial as there was no question as to the meaning of the order, and if it was doubtful, the question would be, how the employees understood it at the time. If the orders were so blind that it required an expert to tell their meaning, it furnished no defense to show how an employee ought to have understood them at the time. It was the direct act of the defendants, through their agent, in giving improper, unwise and indefinite orders, as the jury have found, that caused the injury. It was because the orders were not understood and were misconceived that the collision happened.
The serious question, however, in this case is, whether the accident was the result of negligence of a fellow-servant of the deceased. The general rule is, that if the act done or omitted is in the execution of the proper details of the principal work which has been by the master directed to be done, such execution of the proper details is the act of the servant, no matter how high the rank of the subordinate who performs the labor. If, therefore, there were proper rules for the management of all the trains on the occasion in question, and the accident occurred through the negligence of any other employee in the execution of these proper rules, the plaintiff cannot recover. But we do not think the case falls within this rule.
It was the duty of the defendants not only to provide proper rules for the management of their trains, but to take every reasonable precaution to bring such rules and *80 orders to the knowledge of all the employees to be affected thereby.
The superintendent who gave the orders for running the trains must be regarded as occupying the place of the corporation in respect as well to the orders as to the omission to take proper precautions for carrying them into effect. Filke v. Boston and Albany R. R., 13 Am. Rep., 545.
The jury have found, under a proper charge, that the accident occurred through the issuance of improper orders by the superintendent, without proper notice to the different train men.
The fact that the negligence of some of the fellow servants of the deceased co-operated with the negligence of the defendants in producing the injury, does not relieve the latter from liability. Fuller v. Jewett, 80 N. Y., 46; 95 id., 546.
The jury has found that the defendants’ negligence was the proximate cause of the injury.
This case is so analogous to the cases of Sheenan v. N. Y. Central R. R. and Dana v. Same (reported respectively in 91 N. Y., 332, and 92 id., 639) that any comment seems unnecessary.
The order was such as justified the jury in believing that the orders were improper, in that they were uncertain, indefinite and unintelligible, and that no precautions were taken to see that they were properly understood and acted upon. '
That the rules and orders were not clearly understood and acted upon seems to be established beyond controversy.
There are a number of exceptions to the rulings of the court upon the trial and to the judge’s charge. We do not think there was any error committed in the admission or rejection of testimony, and as to the charge, it covered every material point in the case, and was as favorable to the defendants as the proofs warranted.
Judgment affirmed, with costs.