Hardin, P. J.
Defendant was under obligations to plaintiff to furnish safe tools, machinery, appliances and structures for his use. To furnish a scaffold that was reasonably safe before directing the plaintiff to occupy it. Marsh v. Chickering, 101 N. Y., 400.
Plaintiff was bound to exercise due and reasonable care in its use.
The burden of showing that the injuries were not, by reason of want of care of plaintiff was upon him, and the jury were told to find he was free from contributory negligence before the plaintiff should recover. The verdict has *596 passed, and we must assume that the jury found the plaintiff received the injuries in question without any fault on his part. Whether or not the scaffold was unsafe and unfit for the use which the defendant directed the plaintiff to make of it, was a question of fact for the jury. Binzing v. Steinway & Sons, 101 N. Y., 552.
Attention is called to Malone v. Hathaway (64 N. Y., 5), but we think it is not decisive of this case. There the negligence was that of a co-employee whose duty it was to inspect and repair, and an omission of that duty caused the death of the plaintiff’s intestate.
In Crispin v. Babbitt (81 .N Y., 516), it was the personal unauthorized and careless act of a co-employee which caused the injuries complained of, and that negligent act was held not to be the act of the defendant, but of a co-employee, and hence no liability upon the part of the defendant. In the case before us, upon evidence legitimately bearing upon the question, the jury have found that the defendant did not exercise proper care and prudence in regard to the scaffold before he directed the plaintiff to enter upon its use. Hence, defendant’s liability. ' Pantzer v. Tilly Foster Iron Co., 99 N. Y., 368; Probst y. Delamater, 100 N. Y., 266.
The jury upon the evidence before them may have found that the defendant omitted to use proper care and prudence, in regard to the scaffold, before he gave the direction to the plaintiff to go upon and use it.
If the defendant like a prudent, cautious builder, had himself gone over the scaffold, and made a suitable and careful inspection of it, he might have, and probably would have discovered the defect in its construction, seen the dangerous condition in which his foreman had left it, and made such additions and changes as would have rendered Jit safe and secure.
Plaintiff was young in experience, immature and under the direction of the defendant, who had better experience and judgment, entered upon the weak and insecure, as well as inadequate structure and received injuries. The verdict finds the plaintiff was not guilty of negligence, and that the defendant omitted to do his full duty in the premises, and we think the verdict should stand.
Judgment and order of the county court of Onondaga county affirmed, with costs.
Boardman, J., concurs; Follett, J., dissents.