Ingraham, J.
The plaintiff an employee of the defendant was injured on an elevator in the store- of the defendant. At the time of the accident, the elevator was being repaired and the person employed to make the repairs had, on stopping work for the night, detached the connecting rod so that the elevator could be started but could not be stopped, and in such condition it was unsafe to be used. The plaintiff, whose duty it was to close up the store and who had been in the habit of using the elevator when engaged in that duty, got on the elevator for that purpose, started it but was unable to stop it and it continued to go up and crushed him between the door and the platform of the elevator causing very serious injuries.
The plaintiff testified that when he commenced work one of the defendants referred him to Campbell, the shipping clerk, to instruct him as to his duties among which was closing up the store. Campbell told him to fasten certain iron doors by using the elevator and he used it on the afternoon in question in the same way as instructed by Campbell; that he had no knowledge that the elevator was being repaired and had not been notified that it was unsafe and not to be used.
At the close of the plaintiff’s case the court dismissed the complaint and from the judgment entered on such dismissal the-plaintiff appeals.
The evidence would sustain the finding of the jury that the plaintiff was authorized or instructed by the defendant *262 to use the elevator in the manner that he did, in the performance of the duty which he was employed to perform, and that the accident was caused by reason of the unsafe condition of the elevator at the.time of the accident. It was -the duty of .the defendant to use reasonable care.and caution in providing for the use of. his employees suitable tools .and machinery, and . to maintain such machinery in repair. Fuller v. Jewett, 80 N. Y., 53.
And if through the neglect of that duty on the night of the accident, plaintiff was injured without fault on his part, we are unable to see why defendant would not be liable. That this accident did happen by reason of the unsafe condition of this elevator and that such unsafe condition was caused by the act of the persons employed to repair the elevator is established by the evidence. The responsibility of the defendant for the acts of the persons employed by them to repair the elevator, is firmly established in this state.
“ The acts which the master as such is bound to perform for the safety and protection of his employees cannot be delegated so as to_ exonerate the former from-liability to the servant who is injured by the omission'to perform the act or duty or by its negligant performance, whether the non-feasance or mis-feasance is that of a superior officer, agent or servant or a subordinate or inferior agent or servant to whom the doing of the act or the performance.of the duty has been committed. In either case in respect to such act or duty, the servant who undertakes or omits to perform is the representative of the master and not a mere co-servant with the one who sustains the injury; the act or omission is the act or omission of the master, irrespective of the grade of the servant whose negligence caused the injury.” Fuller v. Jewett (supra),
The master cannot exempt himself from liability for the omission of this duty by delegating its performance to another, or having or requiring work to be done, by omitting precautions and inquiries as to the time and manner of its performance, and the negligence of the master or the person to whom he has delegated the performance of this duty co-operating with that of the servant in producing injury to a co-servant, renders the master liable. Benzing v. Steinway, 101 N. Y., 552.
The unsafe condition of this elevator was caused by the act of the person employed to repair it, and who left it in such an unsafe condition that when once started it could not be stopped. For the act of that person the master was responsible.
The question of contributory negligence on the part of the plaintiff was a question for the jury and on the case as *263 it stands we think the court erred in dismissing the complaint.
The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwich, C. J. and Freedman, J., concur.