BUTLER *v.* TOWNSEND *et al.*

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

MASTER AND SERVANT—FELLOW-SERVANTS—WHO ARE.

Plaintiff's intestate, who was employed as a ship caulker, is not the fellow-servant of one employed by the master to construct, with materials furnished by the latter, scaffolding for intestate to stand on while performing his duties.

Appeal from circuit court, Kings county.

Action by Agnes Butler, as administratrix of John Butler, deceased, against James A. Townsend and George Edgett, to recover damages for the death of her intestate, alleged to have been caused by defendant's negligence. There was a verdict for plaintiff for $5,000. From the judgment entered thereon defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wing, Shoudy & Putnam,* for appellants. *Charles M. Stafford,* for respondent.

BARNARD, P. J. John Butler, deceased, plaintiff's intestate, was a ship caulker. He was employed by the defendants at the Erie basin. The defendants erected a staging all around the basin. Upon this staging there were placed wooden horses, and from the top of one horse to the other planks were placed upon which the caulkers stood to do their work upon the vessel. The accident was caused by the breaking of one of these planks, and the plaintiff's intestate was killed by the fall. The scaffolding was built from materials fur-

nished by defendants. The case is one where the master was bound to construct the scaffolding and staging, so as to make it safe for the purpose intended. The proof shows that one of the planks was defective, and that the defect could be easily seen upon examination. The constructors of the scaffolding were not co-employes of the caulkers in the sense that their neglect excused the common master. The master owed the duty. *Bushby* v. *Railroad Co.,* 107 N. Y. 374, 14 N. E. Rep. 407; *Probst* v. *Delamater,* 100 N. Y. 266, 3 N. E. Rep. 184. Assuming that the constructors of the scaffolding were the servants of the master the proof is very strong. The plank which broke had been condemned, and this condemnation had been noted by a cross-mark in chalk. This plank was put on the horse with the chalk-mark on the under side. The plaintiff's intestate thus could not see the defect. The judgment should therefore be affirmed, with costs. All concur.

DYKMAN, J. The intestate of the plaintiff, while in the service of the defendants, received injuries by the breaking of a scaffold, which resulted in his death. He stood upon the scaffold in the performance of his duties, and it gave way under his feet, and he fell to the ground. The trial of the action took the usual course of actions based upon negligence, and the testimony on the part of the plaintiff tended to convict the defendants of negligence, and the effort on the part of the defendants was to exculpate themselves from the charge, and the question of the contributory negligence was also introduced into the case. At the close of the testimony, the case was a proper one for the jury, and it was submitted to that body of fact triers under a charge of which the defendants cannot complain. The verdict was for the plaintiff, and under the testimony and the facts developed we cannot interfere. The judgment and order denying the motion for a new trial should be affirmed.