FREDERICK BENZING, Appellant, *v.* STEINWAY AND SONS. Respondents.

A master may not exempt himself from liability for an omission of the duty resting upon him to furnish, for the use of his servants, safe, sound and suitable tools, implements, appliances and machinery, by delegating its performance to another ; the latter stands in the place of the master in discharging the duty, and for his neglect therein the master is responsible.

Plaintiff, an employe in defendant's factory, was called from his work to assist in putting up girders to support a roof in another part of the factory. This was not in the line of his general employment, and he had no previous knowledge of the appliances used in the prosecution of the work. He was ordered by the foreman to get upon a platform ; he asked the foreman if it was safe, and was assured by him that it was. Plaintiff went upon the platform; one of the boards composing it, which was defective, broke, and he fell and was injured; he had no opportunity to examine the platform, and the evidence left it in doubt whether, upon an examination, the defect could have been discovered. In an action to recover damages for the injury, the complaint was dismissed on the ground that the neglect, if any, was that of a co-servant, for which the master was not liable. *Held* error.

(Argued February 10, 1886 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 9, 1883, which affirmed a judgment in favor of defendants, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover damages for injuries alleged to have been caused by defendants' negligence.

The material facts are stated in the opinion.

*Wm. H. Arnoux* for appellant. The court erred in dismissing the complaint; the case should have been submitted to the jury. (*Plank* v. *N. Y. C.,* etc., *R. R.,* 60 N. Y. 607; *Mehan* v. *Syracuse,* etc., *R. R. Co.,* 73 id. 585; *DeForest* v. *Jewett,* 88 id. 269; *Ellis* v. *N. Y.,* etc., *R. R. Co.,* 95 id. 546, 553; *Salters* v. *D. & H. C. Co.,* 3 Hun, 338.) The maxim *qui facit per alium, facit per se,* applies to a master in providing machinery and appliances for the use of his servants, and he is estopped from denying liability in case of injury resulting from defects therein while used in his service. (*Cone* v. *D., L. & W. R. R. Co.,* 86 N. Y. 206, 210; *Fuller* v. *Jewett,* 80 id. 46; *Mann* v. *President,* etc., 91 id. 501; *Murphy* v. *B. & A. R. R. Co.,* 88 id. 146, 151; *Slater* v. *Jewett,* 85 id. 61, 70, 71; *Laning* v. *N. Y. C. R. R. Co.,* 49 id. 521; *Holmes* v. *Clark,* 10 Wend. 405; *Kain* v. *Smith,* 80 N. Y. 458; 25 Hun, 148; *Corcoran* v. *Holbrook,* 59 N. Y. 517, 520; *Dobiecki* v. *Sharp,* 88 id. 208; *Hoffnagle* v. *N. Y. C. R. R. Co.,* 55 id. 610; *Flike* v. *B. & A. R. R. Co.,* 53 id. 553; *DeGraff* v. *N. Y. C.,* etc., *R. R. Co.,* 76 id. 125; *Gunter* v. *Graniteville Mfg. Co.,* 18 S. C. 182; 44 Am. Rep. 573; *Hough* v. *Texas & P. R. R. Co.,* 100 U. S. 213; 9 Am. Rep. 93; 11 Fed. Rep. 621; *Hough* v. *Ry. Co.,* 100 U. S. 213; *Wabash Ry.* v. *McDaniel,* 107 id. 454.) The implied contract to have the machinery in such safe and proper condition as not to expose the servant to unnecessary risk is the foundation of the master's liability. (*Coombs* v. *New Bedford Cordage Co.,* 102 Mass. 572; 3 Am. Rep. 506, 511; *Chicago & Alton R. R. Co.* v. *Shannon,* 43 Ill. 338; *C. & N. W. R. R. Co.* v. *Sweet,* 45 id. 197; *Schooner Norway* v. *Jursen,* 52 id. 373; *Ill. C. R. R. Co.* v. *Welch,* id. 183; *C. & N. W. R. R. Co.* v. *Sweet,* 45 id. 197; *C., B. & Q. R. R. Co.* v. *Gregory,* 58 id. 272; *Ryan* v. *C. & N. W. R. R. Co.,* 60 id. 171; *Miller* v. *U. P. R. R. Co.,* 12 Fed. Rep. 600; *Toledo, W. & P. R. R. Co.* v. *Conroy,* 61 Ill. 162; *C. & N. W. R. R. Co.* v. *Taylor,* 69 id. 461; 8 Me. 641; *Wabash & West. R. R. Co.* v. *Fredericks,* 71 Ill. 294; *Toledo, W. & W. Ry. Co.* v. *O'Connor,* 77 id. 391; *Baker* v. *Alleghany Valley R. R. Co.,* 95 Penn. St. 211; *Howard Oil Co.* v. *Farmer,* 56 Tex. 452; *Paulmeier*

v. *Erie R. Co.*, 34 N. J. L. 151; *C. & N. W. R. R. Co.* v. *Miranda*, 93 Ill. 302; 34 Am. Rep. 168; *Priestly* v. *Fowler*, 3 M. & W. 1; *Hayden* v. *Smithfield Mfg. Co.*, 29 Conn. 548; *Griffin* v. *Godwin*, 3 Hen. & Munf. 648; *William* v. *Clough*, id. 257; *Patterson* v. *Wallace*, 28 L. & E. 48; *Skip* v. *E. Counties Ry. Co.*, 24 id. 396; 9 Exch. 228; *Albro* v. *Agawam C. Co.*, 6 Cush. 75; *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 441; *Feltham* v. *England*, L. R., 2 Q. B. 33; *Murphy* v. *Smith*, 19 C. B. [N. S.] 361; *Galagher* v. *Piper*, 16 C. B. 669, 672; *Pantzar* v. *Tilly Foster Mining Co.*, 99 N. Y. 368.) The duty of the master to the servant, or his implied contract with his servant, leads to the result that the servant shall be under no risks from imperfect or inadequate machinery. (*Priestly* v. *Fowler*, 3 M. & W. 1; Comyn's Dig., "Master and Servant," K.; 2 Term R. 154; Viner's Abr. "Master and Servant," B 9; *Tuberville* v. *Stamp*, Comb. Rep. 459; 1 Blackst. Com. 431; Paley on Agency, 294, 295; *C. & N. W. R. R. Co.* v. *Miranda*, 93 Ill. 302; 34 Am. Rep. 168; Story on Agency, § 452.) The superintendent whose orders the plaintiff obeyed was not a fellow servant. (*Brick* v. *Rochester, etc., R. R. Co.*, 98 N. Y. 211, 212, 216; *Crispin* v. *Babbitt*, 81 id. 516; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Gunter* v. *Graniteville Mfg. Co.*, 18 S. C. 262; 44 Am. Rep. 573.) Where the superior directs the doing of an act the servant does not contribute, in a legal sense, to the injury resulting from obedience. (*Gibson* v. *Erie R. Co.*, 63 N. Y. 449; *Kain* v. *Smith*, 25 Hun, 148; *Miller* v. *Union P. R. R. Co.*, 12 Fed. Rep. 600; *Lalor* v. *R. R. Co.*, 52 Ill. 401; *O'Neil* v. *R. R. Co.*, 9 Fed. Rep. 337, § 432; *Mich. C. R. R. Co.* v. *Smithers*, 7 N. W. Rep. 991; *Porter* v. *Han. & St. J. R. R. Co.*, 71 Mo. 68; *Bucher* v. *N. Y. C., etc., R. R. Co.*, 98 N. Y. 128; *Salter* v. *Utica, etc., R. R. Co.*, 88 id. 49; *Morrison* v. *Erie R. Co.*, 56 id. 302; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 52; *Morris* v. *I. & St. L. R. R. Co.*, 10 Bradw. [Ill.] 396.)

*G. W. Cotterill* for respondents. The liability of the master, even to a stranger, except for his own torts, can only be justi-

fied as an exception on the ground of public necessity. But when that exception is extended to embrace cases where the person injured, instead of being a stranger to the agency, is himself a part of it, it fails almost entirely. (Story on Agency [9th ed.], §§ 453, 535 ; *Sherman* v. *Rochester & Syr. R. R. Co.,* 17 N. Y. 157.) A master is not responsible to those in his employ for injuries resulting from the negligence or misconduct of a fellow servant engaged in the same general business. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 564.) The rule exempting the master is the same, although the grades of the servants or employes are different. (25 N. Y. 564; Story on Agency [9th ed.], 536 ; *Malone* v. *Hathaway,* 64 N. Y. 9.) It is not necessary, in order to bring the case within the exemption, that the servants should be engaged in the same work. It is enough if they are engaged in a common enterprise tending to accomplish the same general purposes, as operating a factory or railroad. (*Wright* v. *N. Y. C. R. R. Co., supra.*) The master is only liable to his servant for his own misconduct or personal negligence. (*Wright* v. *N. Y. C. R. R. Co. ;* Wood on Mast. & Serv., §§ 744, 755, 756, 791.) If the servant sustaining an injury through the unskillfulness of his fellow servant has the same knowledge of the unskillfulness or deficiency of the materials as his employer, he cannot sustain his action. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 564; Wood on Mast. & Serv., § 744.) It cannot be claimed that the engineer was the *alter ego* of the defendants. (*Malone* v. *Hathaway,* 64 N. Y. 12.)

Ruger, Ch. J. The evidence of the circumstances surrounding the accident, and the prior use of the platform occasioning the same, is quite meagre and unsatisfactory ; but standing unexplained was quite sufficient to carry the question of plaintiff's contributory negligence to the jury. He was unexpectedly called from his work in another part of the factory, to assist in putting up girders to support a roof in course of erection over the boiler-room. This duty was not in the line of his general employment, and his evidence shows that he had no previous knowledge of the status of the work, or of the appliances used

in its prosecution. A platform, consisting of five pine boards painted red, and being one inch thick, fastened together by two hard-wood cleets attached to the boards with screws, and forming a flooring, about four feet six inches wide (the length is not shown), was placed in such a position as to be supported by the wall on one side, and an iron beam three feet therefrom on the other, and extending over a vault about eleven feet deep. It was raining on the day of the accident, and when the plaintiff appeared in the yard, about on a level with the platform, he was ordered by the foreman to get upon it for the purpose of aiding other servants of the defendant, who were then present and ready to proceed in the work of placing the girders in position. The plaintiff asked the foreman if it was safe, and was informed, that it was.

It is quite evident that the plaintiff, had no opportunity to inspect the platform, for the purpose of discovering defects in its material or structure before going upon it, and even if he had made such examination, it is quite doubtful whether he could have discovered them, on account of the painted surface, and the difficulty of inspecting its lower side as it was then situated. He advanced upon it to the place where his services were needed, when the board broke and precipitated him into the vault below, and a serious injury resulted.

This statement of the case does not show as matter of law, that the plaintiff was chargeable with negligence in going upon the platform. The complaint was not, however, dismissed at the circuit for that reason, but upon the ground that the evidence did not show the platform, to have been furnished by the defendants for the use to which it was put, and that it appeared to be an instrumentality adopted by a fellow servant without the knowledge or consent of the employer. The neglect, if any, was said to be that of a co-servant, for which the master was held not to be liable. The General Term seems to have taken a similar view of the case, and, therefore, affirmed the judgment. In this we think those courts erred, and that a new trial should be granted.

It has been repeatedly held that the risks of the service which

a servant assumes, in entering the employment of a master are those only which occur, after the due performance by the employer, of those duties which the law enjoins upon him, and that the negligence of the master co-operating, with that of a servant in producing injury to a co-servant, renders the master liable. (*Stringham* v. *Stewart*, 100 N. Y. 516 and cases cited.) It was said by Chief Judge CHURCH, in *Flike* v. *B. & A. R. R. Co.* (53 N. Y. 549), that the true rule "is to hold the corporation liable for negligence in respect to such acts and duties as it is required to perform as master without regard to the rank or title of the agent intrusted with their performance. As to such acts the agent occupies the place of the corporation, and the latter is liable for the manner in which they are performed." Judge RAPALLO states the rule in *Crispin* v. *Babbitt* (81 N. Y. 521), to be that it depends "upon the character of the act in the performance of which the injury arises without regard to the rank of the employe performing it. If it is one pertaining to the duty the master owes to his servants he is responsible to them for the manner of its performance." The rule is unqualified that a master is bound to use all reasonable care, diligence and caution in providing for the safety of those in his employ, and furnishing for their use in his work safe, sound and suitable tools, implements, appliances, and machinery in the prosecution thereof, and keeping the same in repair. This is the master's duty and he cannot exempt himself from liability for its omission, by delegating its performance to another, or having required work to be done, by omitting precautions and inquiries, as to the time and manner of its performance. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Corcoran* v. *Holbrook*, 59 id. 517; *Slater* v. *Jewett*, 85 id. 61; *Pantzar* v. *Tilly Foster Mining Co.*, 99 id. 368.)

The master is chargeable ordinarily, with knowledge of the means necessary to be employed in performing his work, and when their procurement and selection, is delegated to a servant he stands in the place of the master in discharging those duties; and the servant's neglect in that office, is chargeable to the employer, as an omission of duty enjoined upon him.

(*Ellis* v. *N. Y. Cent. R. R. Co.*, 95 N. Y. 546; *Slater* v. *Jewett*, 85 id. 61.)

Ignorance by the master of defects in the instrumentalities used by his servants, in performing his work, is no defense to an action by the employe who has been injured by them, when by the exercise of proper care and inspection, the master could have discovered and remedied the defects, or avoided the danger incident therefrom.

The evidence in the case, fails to disclose the previous history of the structure used as a platform, but it appears that it was already manufactured and had lain for some time previous to the accident over the boiler in the boiler-room. It was apparently made of sound lumber, and upon a casual examination would seem to have been safe, for the purpose for which it was used. An examination of it, however, after the accident disclosed, that the broken board had a knot of about two inches in diameter near its center, which must have impaired its safety for use as a platform. The under part of the board was unpainted, and the existence of the knot was presumably open to discovery upon a casual inspection of the platform, before it was placed in position.

We think that it was within the province of the jury, upon the evidence appearing in the record, to pass upon the question of the defendant's negligence, in using the structure described for a platform, and that it was error to dismiss the complaint. (*Feltham* v. *England*, L. R., 2 Q. B. 46; *Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124; *Manning* v. *Hagan*, 78 id. 615.)

The judgment of the court below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.