Per Curiam.
This action was brought to recover for injuries received by the plaintiff, an employee of the defendants, while engaged in working a press for stamping tin plates for oil cans. A portion of the plaintiff’s thumb and fingers were cut off and mutilated by the falling of a die or stamp while he was engaged in running the machine and it was claimed on his part that the injury occurred by reason of the machine being out of order and not in a suitable condition to be worked which fact was not known by him.
On the part of the defense it was claimed that the machine was in good order and that the accident occurred by the negligent act of the defendant in placing and leaving his hand where the stamp fell upon his fingers.
*645 There was such conflicting evidence upon this question of fact and it was properly as we think, submitted to the jury.
The case was submitted by the learned judge in a very plain and impartial charge in which the jury were well instructed as to the true ground upon which to determine the case.
The role governing such case is stated by Rugeb, 0. J., in Benzig v. Steinway (101 N. Y., 547). “The rule is unqualified that a master is bound to use all reasonable care, diligence and caution in providing for the safety of those in Ms employ and furnishing for their use in Ms work safe, sound and suitable tools, implements, appliances and macMnery in the prosecution thereof, and keeping the same in repair, for it is the master’s duty and he cannot exempt himself from liability for its omission by delegating its performance to another.” And again in the course of his opinion he says: “ Ignorance by the master of the "defects in the instrumentalities used by his servants in performing his work is no defense to an action by an employee who has been injured by them when by the exercise of proper care and inspection the master could have discovered and remedied the defects or avoided the danger incident thereto.”
Under these rules of law which are abundantly sustained by authority the evidence on the part of the plantiflc if accepted by the jury did we think establish facts justifying the verdict in this case and as we think no material error occurred in the rulings during the trial or in disposing of the the requests tó charge, we think it our duty to affirm the judgment.