Boardman, J.
I concur in Mr. Justice Follett’s opm_on which he is disposed to abandon. I do not see any reason why his reasoning is not right and his conclusions just.
The general principle which controls this case is this: *597 An employer is bound to furnish to his employees safe tools,, machinery and appliances for their use; that includes a scaffolding built by the employer for his servants to work upon. If such scaffolding is not safe and substantial, by reason whereof an employee without fault suffers injuries, the employer is hable for the damages caused thereby, if the exercise of due care on the part of the employer would have prevented the injury.
This scaffold was built by the defendant for the use of the plaintiff and other servants. It matters not whether it was built by Knobel and defendant’s son or by the son alone, provided it was badly built, and the exercise of due care by defendant would have discovered and prevented the defects.
Such I understand to be the rule in case of railroad companies, and I know of no other reason why a different rule should apply in a case of individuals.
I think the judgment should be affirmed, with costs.
Hardin, P. J.
In Marsh v. Chickering (101 N. Y., 400) it is assumed to be the law that it is the duty of the master: “Is required to furnish such appliances or structures as are reasonably safe and suitable—such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances.”Whether the scaffold was unsafe and unfit for use was a question of fact, and the jury have settled that favorably to the plaintiff, and he is entitled to hold his verdict. Benzing v. Steinway & Sons, 101 N. Y., 552.
Brother Boardman’s views of the case seem to be right and should prevail.