Brady, J.
Whatever be said of the merits of the controversy arising from various theories, legal or philosophical, the fact is indisputable that the apparatus used for the purpose of unloading the ship was worn out and defective. It had not been properly looked after. If it had been the defect would have been discovered. The defendant’s ignorance of its condition is of no avail. What ought to be done must be done. Benzing v. Steinway, 101 N. Y., 547.
Safety it would seem has become subservient to enterprises, and life and limb are less thought of than the profits to be gained by imperilling them. When danger attends the performance of any labor, to require the best methods to avert it, or the perfect condition of the means used and its constant examinations is placing but a light burden upon the employer. In the absence of notice to the contrary the servant has a right to assume that the appliances furnished for his use are safe and suitable. Kain v. Smith, 89 N. Y., 375.
If, on the morning when the intestate was killed, a careful inspection of the apparatus had been made, and which would have taken but a short time, the calamity would have been prevented. The rules of law, -it may be said, are not as rigorous on the subject as they should be. Indeed it would be better for employers if they were more strict, and thus compel from personal advantage more scrutiny, more care, and consequently less danger of bodily injury to the employee and of personal liability to the master.
An examination of the record in this case not only suggests those thoughts, but shows that upon all the issues there was conflicting evidence, and the verdict of the jury must, therefore, be regarded as conclusive.
The various exceptions taken during the trial have been examined, and whether collectively or individually considered suggest no error which calls upon us to reverse the judgment.
The charge was elaborate, clear and embraced all the elements, not only as to the law, but as to the evidence and the facts; and the defendants received from the court aE the consideration to which they were entitled.
It is true that there is some testimony given on behalf of the defendants which tends to establish what may be regarded as perversity on the part of the decedent in using *60 the apparatus in the manner in which he did. But there-is, nevertheless, a conflict on the subject springing from responsive evidence given on behalf of the plaintiff.
Aside from that, however, is the dominating fact already suggested, namely, the imperfect apparatus, and the conclusive evidence that if that imperfect condition had not existed, the use of the machine would not have resulted in the intestate’s death.
This case is analogous to the case of O’Halloran v. Bampton, decided by this court March 2, 1887 (7 N. Y. State Rep., 227), which is regarded as an authority for sustaining; the judgment in this case.
The judgment should be affirmed.
Daniels and Bartlett, JJ., concur.