FRANK M GORDON, an Infant, etc., Appellant, v. THE
REYNOLDS' CARD MANUFACTURING COMPANY,
Respondent.

*Action by an employee for the neglect of his employer to furnish safe machinery — the
employer is not liable for an omission to furnish an apparatus to stop the machinery,
unless it be shown that the injury was occasioned by the want of it — an employee
of the age of eighteen years is capable of understanding the uses and dangers of the
employment.*

This action was brought by the plaintiff to recover damages for injuries sustained by
him while employed by the defendant in feeding paper sheets between two rollers,
revolving in different directions, one of his hands having been drawn in between
them and been very severely bruised and injured.   Upon the trial it was claimed
that the defendant was liable for the consequences of the injury, because of its
omission to supply the means of immediately shifting the belt propelling the
rollers, the only way in which that could be done being by the use of a stick to
pry off the driving belt.

*Held,* that as the omission to supply this apparatus for shifting or removing the
belting was not the cause of the injury, and that such apparatus would not if it
had been supplied have prevented it, the defendant was not liable;

*Grizzle* v. *Frost* (3 Foster & Finn, 622), followed.

At the time the injury was received the plaintiff was of the age of eighteen years,
and had been employed by the defendant from the early part of November, 1883,
to February, 1884, when the injury was received in passing the paper sheets
between the rollers.

*Held,* that he was not of such immature age as to render  the defendant liable for
omitting to explain to him the dangers or risks of his employment

*Hickey* v. *Taaffe* (105 N. Y., 26) followed, and *Coombs* v. *New Bedford Cordage
Company* (102 Mass., 572) distinguished.

APPEAL from a judgment entered on the dismissal of the plain-
tiffs complaint at the Circuit.

*C. Bainbridge Smith* for the appellant.

*Lewis H. Hyde* for the respondent.

DANIELS, J.:

The plaintiff entered into the employment of the defendant in
the early part of November, 1883, and he continued in its service
until the 8th of February, 1884.   On that day he was engaged in
passing paper sheets between two rollers revolving in different
directions, and by which the sheets, which were between zinc

plates, were drawn through and between the rollers. In feeding the rollers in this manner one of his hands was drawn in between them and very severely bruised and injured, his little finger being so far detached as to be left hanging by the skin, and three bones in the palm of the hand were broken. He was put at work at the rollers about the middle of January, 1884. Two persons were required to carry on this part of the work, one engaged in front supplying the material to the rollers, and the other in the rear taking it from them as the material was passed through. The plaintiff was assigned to duty at the rear of the rollers where no danger existed of such an accident as was encountered by him. But the work in front of the rollers was the most laborious, and he changed places with the person who was there employed. This he did without any direction on the part of the defendant, or any person having control over his services. At the time the injury was received he was of the age of eighteen years, and capable of understanding, from the observations which would naturally be made by him, the risks and dangers of the employment. But it was insisted at the trial that the defendant was liable for the consequences of the injury, because of its omission to supply the means of immediately shifting the belt propelling the rollers, the only way in which that could be done being by the use of a stick to pry off the driving belt. Evidence was given in the progress of the trial, establishing the fact that an apparatus was frequently, if not usually, supplied in the use of such rollers, by which the belt could be readily thrown off and the rollers brought to a stand. And still other proof was offered concerning the same fact, and the readiness with which the machinery could in this manner be stopped, which was rejected by the court.

But the omission to supply this apparatus for shifting or removing the belting was not the cause of the injury received by the plaintiff. If it had been supplied it would have in no manner prevented the injury which he received, for no period of time intervened between the commencement and the full consummation of the injury, in which he could have made use of such an apparatus to stop the movement of the rollers. That was arrested by his hand passing in between them and no determinate period of time intervened between the commencement and the completion of this injury.

The effect of such an omission was considered in *Grizzle* v. *Frost* (3 Foster & Fin, 622) where it was held that the absence of means to stop the machinery was not a fact which would sustain an action for an injury not appearing to be assignable to that cause. To maintain such an action, the accident should appear to be attributable solely to the omission to supply the additional machinery. It should be caused by that omission. But it was not so caused, but it arose out of the fact that the plaintiff in the performance of his services brought his hand too near the surface of the rollers. He was not of such an immature age as to render the defendant liable for omitting to explain to him the dangers or risk of his employment, assuming the services he did to be a part of it. The case in this respect is materially different from that of *Coombs* v. *New Bedford Corporation Company* (102 Mass., 572) where the plaintiff was a boy of fourteen years of age. The experience and superiority of judgment acquired by the plaintiff within the additional four years through which he had passed, would be sufficient to apprise him of the necessity of avoiding contact with the rollers in the rendition of his services. The danger was obvious and apparent, clearly observable and capable of being understood by a person of his age, and it required no admonition from the employer to inform him of its existence. It was one of the risks of the employment readily observable and understood by the plaintiff, and must be held to have been assumed by him in entering into this service.

The case of *Hickey* v. *Taaffe* (105 N. Y., 26,) in its leading facts strikingly resembles the one now under consideration, except there the person similarly injured was of the age of only fourteen years and seven months. And it was held by the court that the defendant was not liable for the injury which she had received. And in the case of *Sweeney* v. *Berlin, etc., Envelope Company* (101 N. Y., 520), the court held that the defendant was not bound to the persons in its employment to furnish the best description of machinery to protect them from the risks of accidents in carrying on its business. And that of *Benzing* v. *Steinway* (101 N. Y., 547) sanctions the adoption of no different legal principle.

There was no ground, disclosed by the evidence given upon the trial, which would have justified the court in submitting this case to

the decision of the jury, but under the circumstances which were proved it was its duty to dismiss the complaint, and the judgment should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.