BRIDGET NICHOLS, as ADMINISTRATRIX, ETC., OF HENRY NICHOLS, DECEASED, RESPONDENT, v. THE BRUSH AND DENSLOW MANUFACTURING COMPANY, APPELLANT.

*Master and servant — death of the latter caused by an explosion resulting from the ignition of escaping gas — liability of the master.*

A common laborer, engaged to work in a distillery of crude oil, in the distillation of which a large amount of gas was generated, some of which escaped into a portion of the premises, went with a superintendent of the works into a still to repair it. While he was there the gas, owing to the absence of a stop-cock, entered the still and became ignited, in consequence of which an explosion occurred killing both men.

*Held,* that the master, under such circumstances, was liable to the administratrix of the servant so injured.

That the servant had a right to rely upon the performance by the master of the duty which required him to furnish the servant with a safe place in which to perform the work required of him.

APPEAL by the defendant from a judgment rendered at the Kings County Circuit, on a trial before the court and a jury, in favor of the plaintiff for $4,250 damages, which judgment was entered in the office of the clerk of Kings county on December 29, 1888, and also from an order denying the defendant's motion for a new trial.

The action was brought by the widow and administratrix of one Henry Nichols, who was, at the time of his death, in the employ of the defendant, a corporation engaged in distilling and refining petroleum at the foot of Thirty-ninth street, South Brooklyn, to recover damages resulting from the death of the plaintiff's intestate, caused, as was alleged, by the defendant's negligence. The accident, which resulted in the death of Henry Nichols, took place while Nichols and Patrick White, a foreman boiler-maker of the defendant, were inside of a still riveting a patch on the bottom thereof with red-hot rivets. Some gas in the still exploded and both men were so badly burned that they died a few days thereafter.

*John Proctor Clarke,* for the appellant.

*Carpenter & Roderick,* for the respondent.

BARNARD, P. J.:

The defendant is a distiller of crude oil. In the process of distillation a large amount of gas is generated. Some of it was used for

fuel and the remainder was designed to escape into the running room, which was at all times dangerous if a lighted candle was brought there when the machinery was in operation.   One of the stills needed repairs.   The mechanic and the plaintiff's intestate went into it with a candle and there was an explosion and both men were instantly killed.   The deceased intestate was not a mechanic, but a common laborer, and was ordered in the still by White, the mechanic, but he had worked with White before in and about repairing the stills; but whether he had been in the habit or ever went into the still is not proven.   It appears that gas from the other stills in use, of which there was some twelve or thirteen, will return back into the empty still in process of repair, and that this result was occasioned by the absence of the stop-cock.   This result would not be occasional and doubtful, but would happen with absolute certainty.   The place in which the deceased was put to work was not a safe place.   A servant takes the risk of the employment, but he has the right to rely upon the performance of the master's duty.   The rule of duty is explained by the Court of Appeals in these words: " The rule is unqualified that a master is bound to use all reasonable care, diligence and caution in providing for the safety of those in his employ, and furnishing for their use in his work, safe, sound and suitable tools, implements, appliances and machinery in the prosecution thereof, and keeping the same in repair." (*Benzing* v. *Steinway & Sons*, 101 N. Y., 547; *Bushby* v. *The New York, Lake Erie and Western Railroad Co.*, 107 id., 374).

The master cannot delegate the performance of this duty to another and escape liability on the ground that the neglect was the neglect of the employee, and ignorance of the defendant in the instrumentality will not excuse. (*Ellis* v. *The New York, Lake Erie and Western Railroad Co.*, 95 N. Y., 546).

If the accident could have been prevented by the exercise of proper care it is negligence in the master not to have avoided the danger.   Contributory negligence is generally a question for the jury.   If he had the right to assume the performance of his master's duty, there is no ground upon which he can be charged with negligence on his part which contributes to the injury.   He went in the still at the request of the mechanic, White.   It is true that he had refused before to go in unless White went in first, but his suspicion

was removed by the fact that on those occasions no accident happened. The inquiry made of the witness Esdale was proper. He testified for the entire two years that he had worked in defendant's distillery there was always gas in the running room, the room connected with the still in question. The conversation with McCormack was proper. He was defendant's superintendent, and, in respect to the question at issue, was the master. The judgment, therefore, is supported by evidence which makes out a liability against the master, and should, therefore, be affirmed, wtih costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed. with costs.

