(8 Misc. Rep. 211.)

### OELLERICH v. HAYES.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES.

> A master is not answerable to a servant for an injury from an unsafe implement which, upon the failure of the master to provide a better, the servant substitutes without the knowledge or authority of the master.

(Syllabus by the Court.)

Appeal from trial term.

Action by Henry Oellerich against George A. Hayes. Plaintiff, while in the service of defendant, was furnished with a ladder

alleged to be insufficient for the prosecution of his employment. He declined to use the ladder, but in conjunction with his coservants, and without defendant's authority, selected an insecure and unsafe substitute, by which he was injured. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Alexander T. Goodwin, for appellant.
Dwight S. Mason, for respondent.

PRYOR, J. The appellant relies exclusively on his exceptions to the denials of his motions to dismiss the complaint, his contention being that the evidence was insufficient to authorize a verdict against him. The plaintiff was the servant of the defendant, and he sustained the injury from an insecure implement with which he was working in the prosecution of his employment. The point we are to adjudge is whether the defendant be responsible for the defective appliance which caused the plaintiff's injury. The defendant furnished the ladder, but not the plank necessary to its use. That, he alleges, custom required to be supplied by the plasterer. But this custom (of which it is not apparent that the plaintiff had notice) regulated only the relations between the defendant and the plasterer, and was inoperative to affect the defendant's liability to the plaintiff. As master he was bound to his servant for the security of the ladder; and this obligation he could not escape by transfer to another. Mann v. Canal Co., 91 N. Y. 495, 500. The insufficiency of the ladder, however, as furnished by the defendant, was not the proximate cause of plaintiff's injury, for he declined to use it as left incomplete by the defendant. In conjunction with others, his fellow servants, he undertook to provide a substitute for the ladder, and his injury was the effect of the insecurity of that substitute. But upon no principle, and by no authority, can a master be held liable to a servant who, refusing the use of an deficient appliance provided by the master, himself chooses to supply a substitute so insecure as to cause the injury of which he complains. True, the defendant was at fault in not furnishing a complete appliance; but he never authorized the plaintiff to use the substitute by which he was hurt. The thing that occasioned the plaintiff's injury was of his own adoption, and its insecurity the sole cause of his injury. To repeal the inference of defendant's responsibility, it is enough to say that the plaintiff was not injured by the implement he provided, but by an appliance which, unknown to him, and unsanctioned by him, the plaintiff elected to employ. Not only was no act of the defendant a proximate cause of the plaintiff's injury, but the injury was exclusively the effect of the plaintiff's own act. The so-called "foreman" was not appointed to superintend generally the execution of defendant's contract, but was merely leader of the gang engaged on a particular piece of work. He and his colaborers were fellow servants. Conolly v. Maurer (Com. Pl. N. Y.) 26 N. Y. Supp. 18. Had the defendant delegated

to him the duty of selecting or providing a platform for the use of the plaintiff, the foreman would have represented the defendant in the performance of that duty, and his negligence would have been the defendant's negligence. But upon the evidence it is not apparent that the foreman was invested with any authority in respect to the instrumentalities of work; on the contrary, the defendant himself supplied and designated the ladder for the lathing. That ladder the foreman rejected, and of his own volition selected a defective substitute. When the implement provided by the master was found unfit, the servants were absolved from the obligation of using it; but they were not authorized to adopt another of inadequate security, and then charge the master with the consequences of their own improvident action. Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449, is distinguishable by the essential circumstances that the defendant had either furnished the insufficient appliance, or else, having furnished none, left the supply of one to the discretion of the foreman. It is material to remark, further, that in the case at bar the plaintiff well knew the condition of the implement he used, for he participated in its construction, and that so his injury was the result of his own concurring negligence. Benzing v. Steinway, 101 N. Y. 551, 5 N. E. 449; Kranz v. Railway Co., 123 N. Y. 1, 5, 25 N. E. 206. Judgment and order reversed, and new trial awarded; costs to abide the event. All concur.