(12 Misc. Rep. 44.)

### RICHARDS v. HAYES.

(Common Pleas of New York City and County, General Term.　April 1, 1895.)

MASTER AND SERVANT—NEGLIGENCE OF MASTER—INSTRUCTIONS.

    A statement, in the conclusion of a charge as to the duty of a master towards his servant, that such duty "is to the result that the servant shall be under no risks from imperfect or inadequate machinery, or other material, means, and appliances, or from unskillful or incompetent fellow servants of any grade. It is for the master to do by himself or some other,"—is erroneous, as stating that a master undertakes to insure his servant from all risks from the perils named.

    Appeal from trial term.

    Action by James Joseph Richards against George A. Hayes to recover for personal injuries caused by the alleged insecure, improper, and unskillful construction of a scaffolding on which plaintiff was working.　From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.　Reversed.

    Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

    Alexander T. Goodwin, for appellant.
    Dwight S. Mason, for respondent.

    DALY, C. J.　It is not necessary to inquire what difference, if any, there is between the facts in this case and in that of a fellow workman of the plaintiff who was injured at the same time and from the same cause, and whose judgment against the defendant for damages we reversed upon appeal, upon the ground that no negligence on the employer's part was established, but that plaintiff's injury was the result of his own or his fellow workman's choice of the implement which he used.　Oellerich v. Hayes, 28 N. Y. Supp. 579, 8 Misc. Rep. 211.　This judgment will have to be reversed for error in charging, at plaintiff's request, a proposition which cannot be defended upon reason or authority.　The court had already instructed the jury, at plaintiff's request, that:

    "The rule is unqualified that a master is bound to use all reasonable care, diligence, and caution in providing for the safety of those in his employ, and furnishing, for their use in his work, safe, sound, and suitable tools, implements, appliances, and machinery in the prosecution thereof, and keeping the same in repair.　This is the master's duty, and he cannot exempt himself from liability for this omission by delegating its performance to another, or, having required work to be done, by omitting precautions and inquiries as to the manner of its performance."

    —And had also charged, in continuation, at plaintiff's request, seven other propositions, enlarging upon the principle in every conceivable particular.　Finally, at plaintiff's request, the court charged the next proposition, as follows:

    "The duty of the master to the servant is to the result that the servant shall be under no risks from imperfect or inadequate machinery or other material, means, and appliances, or from unskillful or incompetent fellow servants of any grade.　It is for the master to do by himself or by some other."

    To this instruction the defendant duly excepted.

This last instruction, following those that preceded it, summed up the whole duty of the master as undertaking to insure the servant from all risks from the perils named; and whatever impression the jury received from the prior instructions as to the master's duty being confined to reasonable care, diligence, and caution was thus explained to be that he was, by himself or another, to save the servant harmless from imperfect or inadequate machinery, means, and appliances, and from unskillful or incompetent fellow servants of any grade. That is not the master's duty. He is liable only for negligence. 14 Am. & Eng. Enc. Law, 873, and following. His negligence is the omission of reasonable care in the business in which his servants are employed. Slater v. Jewett, 85 N. Y. 61. The test of his liability is not whether he neglected something he could have done, but whether he is reasonably prudent and careful. Leonard v. Collins, 70 N. Y. 90. Judgment reversed; new trial ordered, with costs to appellant, to abide event. All concur.