HOMBERG v. TIFFANY STUDIOS.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

TRIAL—CURE OF ERROR—INSTRUCTIONS.

Where the judge erroneously charged that the only question to be decided was whether the plaintiff was guilty of contributory negligence, his error in his failure to submit the question of defendant's negligence to the jury was not cured by defendant's counsel remarking, "Your honor said, if the plaintiff was free from contributory negligence, to give a verdict; that is, if the defendant, they find, is negligent," and the court responding, "That is what I meant to say," as it is not enough for a trial judge to charge in general terms that it is for the jury to say whether a plaintiff or a defendant was negligent, but they must be instructed in respect of what facts they must first find to enable them to decide.

Appeal from Trial Term.

Action by Ewald Homberg against the Tiffany Studios From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Melville J. France, for respondent.

GAYNOR, J. There was a tank 16 feet long and about 3 feet wide in the defendant's place in which a certain solution used in electroplating was prepared by the plaintiff, who was employed for that purpose by the defendant. A carpenter was installing a blower at this tank, to blow air into the said solution and thereby keep it agitated or in motion, which was theretofore done by a man stirring it up by a pole or stick. The foreman called the plaintiff and made him go up in a hurry upon a plank which had been laid across the tank, and to hold a plumb line to help the carpenter locate the spots where he would set parts of the blower and its attachments. The plank slipped and threw the plaintiff over on a nearby shaft and hurt him severely. This can be gathered from the evidence for the plaintiff, but only with great difficulty, and also with some hesitation in respect of what the plank was in size, etc., how it was laid, and how it slipped, whether along the sides of the tank, or whether it slipped (or tipped) up.

The learned trial judge charged the jury that the only question for them was whether the plaintiff was guilty of contributory negligence, and that if he was not the verdict must be in his favor. It was by no means clear, to say the least, whether the defendant was guilty of any negligence (such as in Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449, for instance), and the best that can be said is that that question was for the jury. If the question were before us whether any case of negligence of the defendant was presented by the confused and unprecise evidence for the plaintiff, difficulty might be encountered on that head.

The error which formed the body of the charge—that the only question was whether the plaintiff was guilty of contributory negligence—was not cured. After the charge, and after counsel for the defendant had excepted to it, and made certain requests to charge, counsel for the plaintiff said: "Your honor said if the plaintiff was free from contributory negligence, to give a verdict; that is, if the defendant they find is negligent." And the court responded: "That is what I meant to say." This was not an adequate instruction to the jury. It was the learned trial judge's duty to instruct them as to the precise facts that would constitute negligence by the defendant. It is not enough for a trial judge to charge in general terms that it is for the jury to say whether a plaintiff or a defendant was negligent. They must be instructed in respect of what facts they must first find to enable them to so decide.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.