## STASKOWSKI v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. MASTER AND SERVANT—DUTY TO FURNISH PROPER APPLIANCES.
    It is the duty of a master to exercise due care to furnish his servant with proper appliances.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 171–174.]

2. SAME.
    The keeping in repair of a press containing a hammer automatically released by a treadle is not a detail of the servant's work, but is a part of the master's duty to exercise due care to furnish fit appliances.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 252, 253.]

3. SAME—ACTION FOR INJURIES TO SERVANT—QUESTION FOR JURY.
    In an action by a servant for injuries inflicted by a machine of which he was operator, whether the master had exercised due care to furnish a fit and proper machine *held*, under the evidence, for the jury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1050.]

Appeal from Trial Term, Kings County.

Personal injury action by Joseph Staskowski, an infant, by John Marciniak, his guardian ad litem, against the Standard Oil Company of New York. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

A. L. Pincoffs (Edward D. O'Brien, on the brief), for appellant.
John Brooks Leavitt, for respondent.

JENKS, J.   The appeal is by the plaintiff from his dismissal at the close of the case. The action is by servant against master for negligence, and the complaint is, inter alia, of a defective machine furnished by the master in violation of his obligation to exercise due care to furnish proper appliances. Benzing v. Steinway & Sons, 101 N. Y. 547, 5 N. E. 449. The servant testifies: That, on the Friday before the accident, he noticed that the hammer fell two or three times while his foot was off the treadle. That he informed the machinist of the defendant, who thereafter told him that he had "fixed" it, that it was in proper condition, and to resume its use. The servant continued to use the machine for two days, and it worked properly. It worked likewise for several hours on the day of the accident; but at a time when the plaintiff, with his foot off the treadle, was engaged in tak-

ing out a certain material from the machine, the hammer came down automatically upon the table and injured his hand. Normally this material was thrown out from the machine automatically, but sometimes it "stuck," whereupon the workmen were accustomed to take a piece of stick or a wire and use it to take out the material. The servant was using a stick at the time of the accident.

The sole question which I decide is whether the plaintiff had made out a prima facie case so as to escape dismissal. So far as the question of his contributory negligence is concerned, which was certainly in this case, suffice it to say that at the close of his evidence it did not present a question of law for the court. Repair to this press was not a detail of the work, but was a duty of the master. Fox v. Le Comte, 2 App. Div. at page 63, 37 N. Y. Supp. 316, affirmed on opinion below 153 N. Y. 680, 48 N. E. 1104. I am of opinion that the learned court erred, in that the plaintiff had made out a prima facie case which presented a question for the jury whether the master had discharged his obligation to the servant to exercise due care to furnish a fit and proper machine. I think that Sopherstein v. Bertels, 178 Pa. 401, 35 Atl. 1000, was well decided and is precisely in point.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.